ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS. 5:20CR117 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERNON LUSTER, | ) | Judge John R. Adams |
| | ) | |
| Defendant. | ) | ORDER |
| | ) | |

Pending before the Court is Defendant's motion for compassionate release and his motion to appoint him new counsel. Docs. 183 and 201.

Within the COVID-19 backdrop, the Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> "In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions." *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating "extraordinary and compelling reasons" as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x 1007, 1008 (6th Cir. 2021). "A district court has 'full discretion' in determining whether an extraordinary and compelling reason justifies compassionate release." *Id*. at 1009.

For over two years now, courts have routinely found that the COVID-19 pandemic, when coupled with other health concerns, has constituted an extraordinary and compelling reason

justifying further consideration of a motion for compassionate release. At the same time, the Sixth Circuit has noted that a district court does not abuse its discretion when denying a motion when the prison facility at issue has no positive cases. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (finding that it was not an abuse of discretion to deny compassionate release when Alderson had no reported cases and therefore only presented a speculative risk to the movant).

The Court notes that Luster is currently housed at FCI Allenwood Medium, a facility that currently has no positive cases within its inmate population. Accordingly, Defendant's motion for compassionate release presents only a speculative risk.[1]

The motion for compassionate release is DENIED. As Defendant has no other issues pending before the Court, his motion to appoint counsel is also DENIED.

IT IS SO ORDERED.

January 9, 2023                      /s/John R. Adams
Date                                   JOHN R. ADAMS
                                           UNITED STATES DISTRICT JUDGE

---

[1] Given the facts and circumstances of Luster's criminal conduct and the minimal portion of his sentence that has been served, the Court would also deny Luster's motion following a full review of the § 3553(a) factors.